COCHRAN COUNTY v. CITIZENS NAT. BANK et al.

No. 4915.

Court of Civil Appeals of Texas. Amarillo.

June 13, 1938.

Rehearing Denied Oct. 3, 1938.

Loyd R Kennedy, of Morton, for appellant.

Homer L. Pharr, of Lubbock, for appellee R. R. House.

1070

Wilson, Randal & Kilpatrick, of Lubbock, for appellee American Surety Co. of New York.

Herbert C. Martin, of Littlefield, for appellee J. S. Crockett.

FOLLEY, Justice.

The appellee, R. R. House, was in 1936 deputy sheriff of Cochran County, Texas. His wife, Mrs. Dixie M. House was deputy assessor and collector. R. R. House filed this suit in Lubbock County, Texas against the Citizens National Bank of Lubbock to recover the sum of $920 which he alleged was the proceeds of a check deposited by him in said bank and issued to him by Cochran County under the authority of J. S. Crockett, sheriff-tax-assessor and collector of Cochran County. He further alleged that such sum was a portion of the 1936 annual salary due him and his wife for services in their official capacities. The bank answered that it had received notice from Cochran County that such county claimed the fund belonged to it and that the bank did not know to whom payment should be made; that there were rival claimants to such fund and asked that they and all interested parties be impleaded; and tendered the money into court and offered to pay said money in accordance with the orders of the court. Cochran County, J. S. Crockett and the American Surety Company of New York, surety on the official bond of the sheriff, became parties to the suit.

Cochran County, in its answer and cross-action, alleged that J. S. Crockett was withholding and held in his possession the sum of $1561.67 in excess fees of his office, further alleged that the $920 on deposit in said bank was a part of the $1561.67 excess fees of the sheriff, and prayed for judgment against House for the $920 and in the alternative that if the county did not recover from House that it might recover the full amount claimed from J. S. Crockett and the American Surety Company. The American Surety Company denied that Crockett was short in his account, but asked that if the court found that he was short that said sum of $920 be applied on such shortage. It further properly impleaded all of the other parties and. prayed that Cochran County take nothing by its cross-action.

The cause was submitted to the court without a jury, and the court rendered judgment for the appellee House for the sum of $920, decreed that Cochran County take nothing by its cross-action against the defendants below, J. S. Crockett, American Surety Company, Citizens National Bank of Lubbock, and Mrs. Dixie House, or either of them, and further decreed that Cochran County take nothing against the appellee, R. R. House. From this judgment Cochran County has appealed to this court.

The only assignment of the appellant is that because of the pleadings and the evidence the trial court erred in rendering judgment for the appellee, R. R. House, and against the appellant county for the $920 in question.

In the judgment of the trial court is the following finding of fact:

"The Court further finds that the defendant, J. S. Crockett, has fully accounted to the defendant, Cochran County, Texas, for all funds coming into his possession as Sheriff and Tax Collector & assessor of Cochran County, Taxes, and that the said J. S. Crockett is not indebted to Cochran County, Texas in any sum and that the American Surety Company, as Surety on the Official Bond of the said J. S. Crockett as Tax Collector-Assessor of Cochran County, Texas, is not indebted to the said defendant, Cochran County, Texas, in any sum."

Based upon this finding the court denied Cochran County any relief against the sheriff or the bonding company. The appellant does not complain of the above quoted finding of fact and assigns no error in this court to that portion of the judgment denying it relief against Crockett and the bonding company. The judgment is unmistakable in its holding that the sheriff was not in default in his accounts and that he had fully accounted to the appellant for all funds that had come into his possession in his official capacity. It is undisputed that the $920.00 was originally a part of the fees received by Crockett from his office. If Crockett did not owe Cochran County anything it follows that the $920 belonged to him and he could dispose of it in such manner as he saw fit. Inasmuch as the appellant does not complain of the trial court's finding and holding that Crockett was not in default in any manner in his account to the county, we think it becomes immaterial, as far as the appellant is concerned, as to what disposition is made of the $920. The sheriff was the legal custodian of such fund, and all such

funds that came into his possession. He was charged with delivering to the county only such funds as he was not entitled by law to retain. The court held that he had paid the county all he owed it and such holding stands unimpeached and unattacked in this court. It precludes any interest of the appellant in the $920 in controversy. Such being the state of the record, the above assignment is immaterial and must be overruled.

The judgment is affirmed.